UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

PAUL E. HUNT, JR.,

Plaintiff,

v. Case No. 26-cv-1669-bhl

MILWAUKEE COUNTY JAIL and
DENITA R. BALL,

Defendants.

---

**SCREENING ORDER**

---

Plaintiff Paul Hunt, Jr., who is currently incarcerated at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Hunt's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

**MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE**

Hunt has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Hunt has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $31.77. Hunt's motion for leave to proceed without prepaying the filing fee will be granted.

**SCREENING OF THE COMPLAINT**

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a

complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Hunt alleges that pretrial detainees are "receiving unfair[] and atrocious treatment" at the Milwaukee County Jail. He states that they are punished for no reason, are retaliated against for exercising their right of free speech, get less than two hours of recreation time each shift, are locked in their cells from 5:30 p.m. until 11:30 a.m., sometimes are locked in their cells for forty hours without access to showers, recreation, or the phones, are made to pay for (presumably, video) visits that do not happen, are ignored when they ask for mental health treatment, have no "leisure of game to occupy [their] time," have no privacy when talking to mental health, and have to sleep on thin, worn-out mattresses without sheets. Dkt. No. 1.

## THE COURT'S ANALYSIS

The complaint is deficient and must be dismissed for multiple reasons. First, a "totality of the conditions" claim is not actionable under the Constitution unless the conditions result in "the deprivation of a single, identifiable human need such as food, warmth, or exercise. *Wilson v.*

*Seiter*, 501 U.S. 294, 304-05 (1991) (holding that "[n]othing so amorphous as 'overall conditions' can rise to the level of a constitutional claim"); *Lunsford v. Bennett*, 17 F.3d 1574, 1581 (7th Cir. 1994). Hunt is clearly dissatisfied with the many challenges he faces at the jail, but he is reminded that "[t]he Constitution does not require prison officials to provide the equivalent of hotel accommodations or even comfortable prisons. Occasional discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Lunsford*, 17 F.3d at 1581 (citing *Rhodes v. Chapman*, 542 U.S. 337, 347 (1994).

Hunt's complaint is also deficient because it fails to identify the people he believes are responsible for the violation of his rights. Hunt sues the Milwaukee County Jail and Sheriff Denita Ball, but the jail is not a "person" who can be sued under §1983, *see Whiting v. Marathon Cnty. Sherriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004), and nothing in the complaint suggests that Hunt has ever interacted with Sheriff Ball, let alone that she violated his constitutional rights. A defendant is liable for damages under §1983 only if she was personally responsible for the deprivation of a constitutional right, meaning that the deprivation occurred at the defendant's behest or with her knowledge and consent. *See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019). This means that the doctrine of respondeat superior cannot be used to hold a supervisor (the Sheriff) liable for the misconduct of a subordinate (corrections staff). *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

Finally, Hunt's complaint violates Rules 18 and 20 of the Federal Rules of Civil Procedure. While multiple claims against a single party are fine, a plaintiff cannot bring unrelated claims against different defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); *George*, 507 F.3d at 607; *Wheeler v. Wexford Health Sources, Inc*., 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions"). This means, for example, that retaliation claims against certain guards cannot be pursued in the same case as denial of medical care claims against different guards. Different claims involving different defendants must be brought in different cases. Beyond his general complaint about the totality of conditions at the jail, which is

improper for the reasons previously explained, Hunt does not identify specific instances that are sufficiently related to be brought in a single case.

The Court will give Hunt an opportunity to file an amended complaint that addresses the deficiencies identified in this decision. Hunt should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who was involved; (4) how he was impacted; and (5) how the Court can assist him in relation to those events. Hunt should set forth his allegations in short and plain statements and should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case. Hunt is reminded that he may only pursue related claims that involve questions of law or fact that are common to all the people he sues.

If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this case based on Hunt's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Hunt's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **November 25, 2026**, Hunt may file an amended complaint if he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Hunt a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Hunt shall collect from his institution trust account the $318.23 balance of the filing fee by collecting monthly payments from Hunt's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Hunt is transferred to another institution, the transferring institution shall forward a copy of this Order along with Hunt's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the Office of the Sheriff, Fiscal Operations Rm 224, 821 W State Street, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Hunt is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 26th day of October, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge